IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD C. SEALS JR., <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEBRASKA-DEPARTMENT OF HEALTH AND HUMAN SERVICES, KIM CONVERSE, DHHS IT Expert Systems Supervisor; JULIE CHRISTENSEN, DHHS IT Expert Systems: Application Developer/Interim IT Manager; and LISA SCHAFERS, DHHS OCIO; <br><br> Defendants. | 8:23CV489 <br><br> **MEMORANDUM AND ORDER** |

On November 7, 2023, Plaintiff Donald C. Seals, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, *see* Filing No. 5, filed a form Complaint for Employment Discrimination seeking damages against the Nebraska Department of Health and Human Services ("DHHS"), Kim Converse ("Converse"), DHHS IT Expert Systems Supervisor, Julie Christensen ("Christensen"), DHHS IT Expert Systems: Application Developer/Interim IT Manager, and Lisa Schafers ("Schafers"), DHHS "OCIO," based on Plaintiff's race, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17. Filing No. 1 at 3. Plaintiff's Complaint also incorporates the charges of discrimination that he filed with the Indiana Civil Rights Commission ("ICRC") on July 30, 2021. *Id.* at 10

As Plaintiff has been given leave to proceed in forma pauperis, this Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). In assessing Plaintiff's Complaint, the Court

considered the allegations raised in Plaintiff's ICRC charge of discrimination, as well as those raised in the Complaint,[1] and now determines that defendants Christensen, Converse, and Schafers must be dismissed from this action with prejudice but that Plaintiff's claim for racial discrimination under Title VII against DHHS may proceed to service of process.

## I.  SUMMARY OF COMPLAINT

Plaintiff, a black male, alleges that he began working for DHHS on the Expert System (ES) group in Lincoln, Nebraska, on August 19, 2020, after being recruited by Becky Fields ("Fields") of Contract Staffing Specialists, Inc. (CSS) as a "Senior contract[or]" to perform computer software development services.  Filing No. 1 at 7–8. Plaintiff contends that he started working for DHHS at the same time as Trent Ballentine ("Ballentine"), a white male, who has a similar amount of experience in a very specific and unique programming language, as well as similar overall work experience and age as Plaintiff.  *Id.* at 8.  Plaintiff avers that he and Ballentine also had the same reporting structure at DHHS, the same direct supervisor (defendant Converse), the same manager (defendant Christensen), and the same executive-level manager (defendant Schafers). *Id.*  Plaintiff alleges he and Ballentine communicated often about their roles and progress, and Plaintiff believes that based on their conversations that Plaintiff was comparable with, if not "ahead of" Ballentine in terms of job performance throughout his employment with DHHS.  *Id.*

---

[1] The Court may consider allegations contained in exhibits attached to the complaint.  See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Blazek v. U.S. Cellular Corp.*, 937 F. Supp. 2d 1003, 1014–17 (N.D. Iowa 2011) (court can consider factual allegations in administrative charge that was attached to federal court complaint in deciding motion to dismiss for failure to state claim).

2

On the afternoon of March 25, 2021, Plaintiff alleges he received a call from Fields, informing Plaintiff she had been instructed by Christensen that Plaintiff needed to leave the premises immediately as he was "not working out." Id. at 7. Plaintiff alleges the defendants "did not cite any poor performance reference(s) to the programming expertise and experience for the reasons the plaintiff was recruited and hired," and no formal evaluation reports discussing sub-par performance were issued prior to or concurrent with his termination. Id. at 7. Plaintiff further alleges the defendants did not allow the same training timelines to the Plaintiff as his white counterpart and other team members, that Plaintiff's termination was based "securely on racial discrimination rather than being genuinely motivated by agency, departmental, and team-based goals, performance standards, and timely employee evaluations," that his termination was "contrived after the sudden retirement of the plaintiff's hiring manager and the new positions achieved by the team lead and interim manager, after being given departmental authority," and that the "defendants breached their contractual obligation" in terminating his employment. Id. at 7–8.

As relief, Plaintiff seeks monetary damages to compensate for "loss of income and future income, professional and personal integrity damage, the lack of opportunity to prosper as all the other contractors enlisted at DHHS, as well as the related mental anguish resulting in a lesser enthusiasm to reenter the workforce." Id. at 7–8.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).  This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III.  ANALYSIS

Plaintiff sues defendants DHHS, and DHHS employees Converse, Christensen, and Schafers, for discriminatory termination of Plaintiff's employment based on Plaintiff's

race under Title VII. Filing No. 1 at 3. Plaintiff's Complaint was filed within 90 days of his receipt of his right-to-sue notice (with no decision being issued,) id. at 12, and thus is timely.[2] See 42 U.S.C. § 2000e-5(f)(1) (the charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge).

As an initial matter, while Title VII reaches state and local employers, Mount Lemmon Fire Dist. v. Guido, 586 U.S. 1, 4 (2018), Title VII does not provide for individual liability against supervisors or other employees, see Spencer v. Ripley County State Bank, 123 F.3d 690, 691 (8th Cir. 1997); Lenhardt v. Basic Institute of Technology, 55 F.3d 377, 381 (8th Cir. 1995). As such, individual DHHS employee defendants Converse, Christensen, and Schafers must be dismissed from this suit.

While DHHS is a proper defendant, Title VII also applies only to employees, not independent contractors. Glascock v. Linn Cnty. Emergency Med., PC, 698 F.3d 695, 698 (8th Cir. 2012) (Title VII); Alexander v. Avera St. Luke's Hosp., 768 F.3d 756, 761 (8th Cir. 2014) (ADEA). From the face of the Complaint, it appears Plaintiff was a DHHS contract employee, however, determining whether a hired party is an independent contractor or employee is a fact-intensive inquiry which requires review of detailed information before a determination can be made. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480,

---

[2] An action alleging a violation of Title VII and the ADA must be commenced within 90 days of the plaintiff's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). See, e.g., Coleman v. Correct Care Solutions, No. 8:13cv82, 2014 WL 4264774, at *3 n.1 (D. Neb. Aug. 28, 2014); Macon v. Cedarcroft Health Services, Inc., No. 4:12-cv-1481 CAS, 2013 WL 1283865, at *4 (E.D. Mo. March 27, 2013). Courts presume that a right-to-sue letter is received three days after the EEOC mailed it. Langford v. Wilkins, 101 F.Supp.3d 809, 820 (E.D. Ark. 2015) (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n.1 (1984)). Here, Plaintiff's Complaint was filed on November 7, 2023, see Filing No. 1, 91 days after the August 8, 2023, date on the Notice, id. at 12. However, even though Plaintiff does not assert when he *received* the Notice, see id. at 8 (alleging he "viewed" the Notice on August 10, 2023), as this Court presumes a right-to-sue letter is received three days after its mailing, Plaintiff's Complaint is deemed timely filed.

484 (8th Cir. 2000). As Plaintiff alleges he was an employee of DHHS, Filing No. 1 at 7, any decision otherwise need not be made at this early stage of the proceeding. *See Glascock*, 698 F.3d at 698 ("Whether a hired party is an independent contractor or employee is an appropriate question for summary judgment."); *see also Estate of Mathis by Manley v. Sears Mfg. Co.*, No. 3:12-CV-00006-CFB, 2014 WL 12575721, at *3 (S.D. Iowa Jan. 9, 2014) (determining issue of employment status at summary judgment stage). Therefore, the Court now moves onto reviewing Plaintiff's claims against DHHS to determine if they meet the pleading standard to proceed to service of process.[3]

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To assess a claim for racial discrimination in the absence of direct evidence, the Court applies the burden-shifting analysis from McDonnell Douglas. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1044 (8th Cir. 2011) (en banc).

To establish a prima facie case of racial discrimination, a plaintiff must show that: "(1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently)." *Young v. Builders Steel Co.*, 754

---

[3] Of note, a later finding that Plaintiff was an independent contractor and not an employee of DHHS will likely result in dismissal of the Complaint in its entirety as independent contractors lack standing to proceed under Title VII. *See Tipton v. Barr*, No. 6:17-03179-CV-RK, 2019 WL 6736236, at *7 (W.D. Mo. Dec. 11, 2019) (dismissing Title VII complaint in its entirety upon a motion for summary judgment, finding the plaintiff as an independent contractor lacked standing to proceed).

F.3d 573, 577 (8th Cir. 2014) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853-54 (8th Cir. 2012)). At the pleading stage, while Plaintiff need not *prove* a prima facie case, *see Sweirkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513 (2002); *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) ("[T]he prima facie model is an evidentiary, not a pleading, standard."), the elements of a prima facie case may "shed light upon the plausibility of the claim" and are therefore considered when initially evaluating Title VII claims. *Blomker*, 831 F.3d at 1056 (internal quotation marks omitted).

Here, Plaintiff's Complaint contains appropriate allegations to allow it to proceed against DHHS. Plaintiff alleges he is black and therefore a member of a protected class, that "at all times throughout [Plaintiff's] employment tenure [he] either met or exceeded DHHS's business expectations," his employment was terminated, and that a similarly situated white employee was not terminated whereas Plaintiff was. Filing No. 1 at 7–8, 10.

### IV. CONCLUSION

For purposes of initial review only, Plaintiff's Complaint states a racial discrimination claim under Title VII against the Nebraska Department of Health and Human Services. Thus, Plaintiff's Title VII racial discrimination claim against DHHS will be permitted to go forward. Because Title VII does not provide for individual liability against supervisors or other employees, defendants Converse, Christensen, and Schafers shall be dismissed from these proceedings with prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims under Title VII for discrimination based on race against the Nebraska Department of Health and Human Services may proceed to service of process.

2. All of Plaintiff's claims against defendants Converse, Christensen, and Schafers cannot proceed in this Title VII case. Therefore, defendants Kim Converse, Julie Christensen, and Lisa Schafers are dismissed from these proceedings with prejudice.

3. For service of process on the Nebraska Department of Health and Human Services, the Clerk of Court is directed to complete a summons form and a USM-285 form using the following address:

> Nebraska Department of Health and Human Services
> Nebraska Attorney General's Office
> 2115 State Capitol
> P. O. Box 98920
> Lincoln, NE 68509-8920

4. The Marshals Service shall serve the Nebraska Department of Health and Human Services by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); *see also* Federal Rule of Civil Procedure 4(j)(2).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[4]

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

6.      Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.  Plaintiff is hereby notified that failure to obtain service of process on the Defendant within 90 days of the date of this order may result in dismissal of this matter without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

7.      Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

Dated this 16th day of October, 2024.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge