IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD C. SEALS JR., <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEBRASKA-DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendant. | 8:23CV489 <br><br><br> **MEMORANDUM AND ORDER** |

Before the Court is pro se Plaintiff Donald Seals' Motion for Service by U.S. Marshal. Filing No. 46. Plaintiff is proceeding *in forma pauperis*. Filing No. 5. He is moving the Court to order the U.S. Marshal to serve a subpoena duces tecum on Contract Staffing Specialists, Inc. ("CSS"). Plaintiff's motion is denied without prejudice for the reasons set forth herein.

The United States Marshals Service may serve a subpoena on behalf of a self-represented litigant who is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(d); *Baker v. Immanuel Medical Cntr.*, No. 8:06CV655, 2007 WL 2212365, at *1 (D. Neb. July 30, 2007). "The decision to grant or deny subpoenas for indigent parties at the expense of the Government is within the discretion of the trial court." *Williams v. Carter*, 10 F.3d 563, 566 (8th Cir. 1993).

The Court set August 25, 2025 as the deadline for completing written discovery under Federal Rule of Civil Procedure 45. Filing No. 36 at 13. Plaintiff did not file the pending motion until August 30—after this deadline lapsed. In his motion, Plaintiff did not provide good cause for the Court to modify its final progression order. *See* Fed. R. Civ.

1

Proc. 16(b)(4). The Court is not inclined to allow Plaintiff to serve an untimely subpoena at the Government's expense.

Accordingly,

IT IS ORDERED:

1) Plaintiff Donald Seals' Motion for Service by U.S. Marshal, Filing No. 46, is denied without prejudice.
2) The Clerk of the Court shall issue Plaintiff a signed, blank subpoena duces tecum form (AO 088B) pursuant to Federal Rule of Civil Procedure 45(a)(3) ("The clerk *must* issue a subpoena, signed but otherwise in blank, to a party who requests it." (emphasis added)).[1]
3) Plaintiff may complete the blank subpoena form and file a notice of intent to issue the subpoena that complies with NECivR 45.1. Defendant shall have seven days from the date Plaintiff files this notice to serve written objections. *See* NECivR 45.1(b). If Defendant serves any written objections, Plaintiff may not serve the subpoena until such objections have been resolved.
4) Plaintiff may either effect service of the subpoena himself,[2] *see* Fed. R. Civ. Proc. 45(b), or Plaintiff may bring a renewed motion for service of the subpoena by U.S. Marshal. Plaintiff must bring the renewed motion for service of the subpoena by U.S. Marshal within seven days from the date Plaintiff files the notice of intent to issue the subpoena (as set forth in paragraph 3 above).
5) If Plaintiff would like to seek an extension of the written discovery deadline for purposes of serving the subpoena discussed herein he is required to (1) file a formal motion in conjunction with or prior to bringing any renewed motion and (2) explain why good cause exists to reopen and extend this deadline.

---

[1] Plaintiff attaches a proposed subpoena to his motion. Filing No. 46-2. He also filed a notice of intent to serve this subpoena. Filing No. 47. However, the subpoena Plaintiff proposes varies from the form subpoena issued by the Court.

[2] "Any person who is at least 18 years old and *not a party* may serve a subpoena." Fed. R. Civ. Proc. 45(b)(1) (emphasis added). Since Plaintiff is a party, he cannot personally serve the subpoena.

2

Dated this 19th day of September, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge