IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD C. SEALS JR., | |
| Plaintiff, | 8:23CV489 |
| vs. | |
| STATE OF NEBRASKA-DEPARTMENT OF HEALTH AND HUMAN SERVICES, | MEMORANDUM AND ORDER |
| Defendant. | |

Before the Court is Plaintiff's Motion for Relief under Fed. R. Civ. P. 56(d), Filing No. 63, in which Plaintiff requests the Court: (1) defer ruling on Defendant's pending motion for summary judgment; (2) order Defendant to produce certain items; and (3) continue Plaintiff's deadline to oppose Defendant's motion for summary judgment until after Defendant produces such items.

### BACKGROUND

Plaintiff filed his complaint on November 7, 2023. Filing No. 1. The operative complaint alleges a race discrimination claim under Title VII. Filing Nos. 1, 6. The Court entered a progression order setting forth various deadlines, including discovery deadlines, on December 13, 2024. Filing No. 14. On June 2, 2025, the Court amended the written progression order, over the objection of Plaintiff. Filing No. 36, 35. According to the most recent progression order, the deadline for written discovery was August 25, 2025 and motions to compel discovery were due September 8, 2025. Filing No. 36.

The parties contacted the Court regarding a discovery dispute prior to the motion to compel deadline. The Court then set an informal discovery conference, which occurred on October 2, 2025. At this discovery dispute conference, the undersigned advised the parties to meet and confer, based upon the discussion had during the discovery conference, and contact the undersigned's chambers by

1

October 15, 2025 if any disputes remain. Filing No. 57. Outside of any statements made in the briefing currently before the Court (which was filed December 1, 2025), the undersigned never received any indication discovery disputes remained and that court intervention was needed.

On November 12, 2025, Defendant filed a motion for summary judgment arguing Plaintiff was not an employee of DHHS and, as such, his claims should be dismissed. Filing No. 59. On December 1, 2025, Plaintiff filed the pending motion requesting he receive "native supervisor metadata and usable electronic artifacts"[1] prior to filing his opposition to Defendant's motion for summary judgment. Filing No. 63.

## ANALYSIS

### 1. Motion for deferral under Fed. R. Civ. P. 56(d)

The general rule is that summary judgment is appropriate "only after the nonmovant has had adequate time for discovery." *Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016) (internal quotations omitted); *see also Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010); *Nooner v. Norris*, 594 F.3d 592, 599 (8th Cir. 2010). "Pursuant to Rule 56(d),[2] a party opposing summary judgment may move for a continuance until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition to a summary judgment motion." *Jackson*, 815 F.3d at 1121 (internal quotations omitted).

---

[1] The undersigned notes Plaintiff argues some of this information is relevant to elements of his claim that are currently not at issue in the pending motion for summary judgment. The pending motion for summary judgment only argues Plaintiff was not an employee of Defendant.

[2] Fed. R. Civ. P. 56(d) states as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or take discovery; or
> (3) issue any other appropriate order.

The party seeking additional discovery must establish "(1) that [he] ha[s] set forth in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Jackson,* 815 F.3d at 1121 (alteration in original) (internal quotations omitted). "As to the second element, it is well settled that Rule 56](d)] does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of unlawful conduct." *Id.* (alteration in original). "It is not enough to present a list of facts sought to be discovered. The nonmovant must articulate how those facts are relevant to rebut the movant's showing of the absence of a genuine issue of fact." *In re Miraplex Prod. Liab. Litig.*, 912 F.3d 1129, 1135 (8th Cir. 2019) (internal quotations omitted).

A significant issue with Plaintiff's motion is the procedural posture of the case. Upon review of Plaintiff's motion, the type of information he is requesting (if appropriate) would be or has been requested via written discovery. As set forth herein, the written discovery deadline (which was extended over Plaintiff's objection) closed on August 25, 2025. Filing No. 36. The motion to compel deadline expired September 8, 2025 and the Court set an October 15, 2025 deadline for the parties to advise the Court of any discovery disputes remaining after the informal discovery dispute conference. Neither party emailed the Court with any remaining discovery dispute by the deadline or afterward.

This is not an instance where the motion for summary judgment was filed before discovery began. This is not an instance in which time needs to be "allowed . . . to take discovery", especially the type of discovery requested here. In reviewing Plaintiff's motion, Plaintiff is requesting (or has requested) documents via written discovery, certain documents have been produced to him via written discovery, and the time for written discovery has expired. Plaintiff purportedly requested these documents in August 2024. Filing No. 63-9, p. 52. If Plaintiff "cannot present facts essential to justify its opposition", it is due to the procedural stature of the case, not due to the lack of opportunity to engage in discovery. As such, a deferral of a

3

summary judgment ruling or allowing additional time for Plaintiff to obtain this discovery is not appropriate. *Holt v. Howard*, 806 F.3d 1129, 1133-1134 (8th Cir. 2015) (affirming district court's denial of a plaintiff's request for additional discovery because the plaintiff "failed to utilize the procedures available to him while discovery was open"); *Cairns v. Kozel*, 2021 WL 2856457 (D. Neb. July 8, 2021) (denying Rule 56(d) motion where Plaintiff was dilatory pursuing discovery and deadlines to compel discovery had passed); *Fergin v. Westrock Co.*, 2018 WL 2988858 at *2 (D. Neb. June 14, 2018) (denying Rule 56(d) motion when the movant argued that no parties had taken depositions or named expert witnesses and that "discovery [wa]s far from being concluded" but did not explain why he did not conduct more discovery during the relevant time period or allege his discovery efforts were impeded in any way).

Though unnecessary to reach given the conclusions herein, the undersigned also has significant questions as to how the information requested is both essential to resist the pending summary judgment motion and in existence. Rather, Defendant indicates certain information does not exist and, if it did, such information includes extensive metadata, at least some of which appears to be a fishing expedition[3].

For the reasons stated herein, Plaintiff's motion to defer the consideration of Defendant's motion for summary judgment is denied.

### 2. Motion to extend deadline to file opposition materials

Plaintiff also requests additional time to file his opposition to Defendant's motion for summary judgment. Given the information contained in the pending motion and associated briefing (namely indications that supplemental discovery has been produced by Defendant), along with the fact that the deadline to file

---

[3] Plaintiff does not submit any at-issue discovery requests. Accordingly, Plaintiff has not shown the requested documents are even responsive to any at-issue discovery or, further, that the at-issue discovery is not objectionable. Even if the undersigned were to assume Plaintiff's declaration includes the requests at issue, word for word, the requests are, at the least, facially overly broad. *See* Filing No. 63-9, p. 2.

4

opposition materials lapsed during the pendency of this motion, the undersigned finds good cause to extend Plaintiff's deadline. The deadline for Plaintiff to respond in opposition to Defendant's motion for summary judgment is December 31, 2025.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion to defer ruling on Defendant's motion for summary judgment, Filing No. 63, is denied as set forth herein.
2. Plaintiff shall respond in opposition to Defendant's motion for summary judgment on or before December 31, 2025. Any reply shall be filed in accordance with the local rules.

Dated this 11th day of December, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge